

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 1, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>United States v. Nikola Lukaj</u>
           <u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

    The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for October 8, 2013.  By letter dated September 23, 2013, the defendant requests a sentence below the advisory Sentencing Guidelines range.  For the reasons set forth below, the government respectfully requests that the Court deny the defendant's request and sentence him within the advisory Sentencing Guidelines range of 51 to 63 months' imprisonment.

I.     <u>Background</u>

    In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

    During the course of the conspiracy, beginning in approximately 2007 or 2008, the defendant was a mid-level distributor of marijuana who was associated with co-defendant Gjavit Thaqi.  (PSR ¶ 15).  Specifically, the defendant purchased marijuana from Thaqi and other wholesalers, and then sold it to his own customers.  (PSR ¶ 48).  On some occasions, the defendant also supplied Thaqi with marijuana when he had significant quantities of marijuana.  <u>Id</u>.  In total, the defendant is responsible for distributing at least 100 kilograms of marijuana.  <u>Id</u>.

On July 13, 2011, a grand jury in the Eastern District of New York returned an eleven-count superseding indictment charging the defendant, among numerous others, in relation to a large-scale narcotics trafficking conspiracy.  The defendant, in particular, was charged with five counts, including marijuana importation conspiracy, in violation of Title 21, United States Code, Section 963, conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii), cocaine importation conspiracy, in violation of Title 21, United States Code, Section 963, conspiracy to export cocaine, in violation of Title 21, United States Code, Section 963, cocaine distribution conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II), and use of a firearm during and in relation to drug trafficking, in violation of Title 18, United States Code, Section 924(c).

On May 16, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).  (PSR ¶ 1).

II. Discussion

   A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine

whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.    The Advisory Guidelines Range Is 51 to 63 Months

The Probation Department has determined that the adjusted offense level is 25, the defendant is in Criminal History Category II, and the advisory Guidelines sentencing range is 63 to 78 months.  (PSR ¶ 150).  The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0.  Including this reduction, the resulting advisory Guidelines sentencing range is 51 to 63 months. Id. ¶ 163.

    C.    A Sentence Within the Guidelines Range Is
           Appropriate in This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

In the defendant's letter dated September 23, 2013, he moves for a sentence below the advisory Guidelines range of 51 months' incarceration, due to his family circumstances, drug addiction and age.  First, the defendant's separation from his family is no different from the circumstances most defendants face.  But unlike many defendants, the defendant's common law wife is able to provide ample financial and emotional support to his child.  Second, as to his age, the defendant was in his late-thirties at the time of this offense, which demonstrates that the instant offense was not a consequence of a youthful indiscretion.  To the contrary, it suggests that a serious term of imprisonment is needed to deter the defendant from committing further crimes.  Finally, the defendant's drug abuse is not a reason for a non-Guidelines sentence.  Indeed, the defendant denied to the Probation Department that he had a substance abuse problem.  Thus, the defendant's family circumstances, drug addiction and age are not bases for a below-Guidelines sentence under § 3553(a).

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As the defendant acknowledges in his submission, the offense of conviction -- conspiring to distribute over 100 kilograms of marijuana -- is a serious crime. It is especially so given that the defendant used a firearm in the course of his drug trafficking activities. In particular, the defendant was planning to use the firearm to collect a drug debt, and was prepared to do so violently if necessary. The defendant was thwarted in his attempt only due to law enforcement intervention. Such a serious crime merits serious punishment. Notably, this is not the defendant's first offense. He was convicted of a violent felony offense in 1992 -- attempted murder and multiple assault charges -- which demonstrate his on-going lack of respect for the law. Thus, a term of imprisonment within the advisory Guidelines range is necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a serious term of imprisonment in this case. In this case, specific deterrence is of particular concern given the fact that the defendant was in his late thirties during the instant offense. A sentence within the advisory Guidelines range is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.  Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court

should impose a sentence within the advisory Guidelines range of 51 to 63 months.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                By:   /s/_____
                              Steven L. Tiscione
                              Gina M. Parlovecchio
                              Assistant U.S. Attorney
                              (718) 254-6317/6228

cc:  Patricia A. Sullivan, U.S. Probation Officer (by E-mail)
     James Roth, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)